## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| EDWARD GARITY, Individually and On Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>     v.<br><br>TETRAPHASE PHARMACEUTICALS, INC., L. PATRICK GAGE, LARRY EDWARDS, GAREN BOHLIN, STEVEN BOYD, JEFFREY A. CHODAKEWITZ, JOHN G. FREUND, GERRI HENWOOD, GUY MACDONALD, KEITH MAHER, NANCY J. WYSENSKI, MELINTA THERAPEUTICS, INC., and TORONTO TRANSACTIO CORP.,<br><br>          Defendants. | Case No. _____<br><br>JURY TRIAL DEMANDED<br><br>CLASS ACTION |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff Edward Garity ("Plaintiff"), by his undersigned attorneys, for this complaint against Defendants (defined below), alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.      This action stems from a proposed transaction announced on June 4, 2020 (the "Proposed Transaction"), pursuant to which Tetraphase Pharmaceuticals, Inc. ("Tetraphase" or the "Company") will be acquired by Melinta Therapeutics, Inc. ("Parent") and Toronto Transaction Corp. ("Merger Sub," and together with Parent, "Melinta").

2.      On June 4, 2020, Tetraphase's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger

Agreement") with Melinta.  Pursuant to the terms of the Merger Agreement, Merger Sub commenced a tender offer (the "Tender Offer") to purchase all of Tetraphase's outstanding common stock for $1.79 per share in cash and one contingent value right ("CVR").  The Tender Offer is set to expire on July 11, 2020.

3.     On June 12, 2020, Defendants filed a Solicitation/Recommendation Statement (the "Solicitation Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4.     The Solicitation Statement omits material information with respect to the Proposed Transaction, which renders the Solicitation Statement false and misleading.  Accordingly, Plaintiff alleges herein that Defendants violated Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Solicitation Statement.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(e), 14(d), and 20(a) of the 1934 Act and Rule 14a-9.

6.     This Court has jurisdiction over Defendants because each Defendant is either a corporation that is incorporated in this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.     Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions complained of herein occurred in this District.

## PARTIES

8.     Plaintiff is, and has been continuously throughout all times relevant hereto, the

2

owner of Tetraphase common stock.

9.      Defendant Tetraphase is a Delaware corporation and maintains its principal executive offices at 480 Arsenal Way, Watertown, Massachusetts 02472.  Tetraphase's common stock is traded on the NASDAQ Global Select Market under the ticker symbol "TTPH."

10.      Defendant L. Patrick Gage is a director of the Company.

11.      Defendant Larry Edwards is Chief Executive Officer and President of the Company.

12.      Defendant Garen Bohlin is a director of the Company.

13.      Defendant Steven Boyd is a director of the Company.

14.      Defendant Jeffrey A. Chodakewitz is a director of the Company.

15.      Defendant John G. Freund is a director of the Company.

16.      Defendant Gerri Henwood is a director of the Company.

17.      Defendant Guy Macdonald is a director of the Company.

18.      Defendant Keith Maher is a director of the Company.

19.      Defendant Nancy Wysenski is a director of the Company.

20.      The Defendants identified in paragraphs 10 through 19 are collectively referred to herein as the "Individual Defendants."

21.      Defendant Parent is a Delaware corporation and a party to the Merger Agreement.

22.      Defendant Merger Sub is a Delaware corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

23.      The Defendants identified in paragraphs 9 through 22 are collectively referred to herein as the "Defendants."

3

## CLASS ACTION ALLEGATIONS

24.     Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Tetraphase (the "Class").  Excluded from the Class are Defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any Defendant.

25.     This action is properly maintainable as a class action.

26.     The Class is so numerous that joinder of all members is impracticable.  As of June 2, 2020, there were approximately 7,263,236 shares of Tetraphase common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

27.     Questions of law and fact are common to the Class, including, among others, whether Defendants will irreparably harm Plaintiff and the other members of the Class if Defendants' conduct complained of herein continues.

28.     Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature.  Plaintiff's claims are typical of the claims of the other members of the Class and Plaintiff has the same interests as the other members of the Class. Accordingly, Plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

29.     The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

30.     Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class.  Therefore, final injunctive relief on

4

behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

### Background of the Company and the Proposed Transaction

31.     According to its public filings, Tetraphase is a biopharmaceutical company that uses its proprietary chemistry technology to create novel tetracyclines for serious and life-threatening conditions, including infections caused by many of the multidrug-resistant bacteria highlighted as urgent public health threats by the World Health Organization and the Centers for Disease Control and Prevention.

32.     The Company's lead product XERAVA™ is approved for the treatment of complicated intra-abdominal infections by the U.S. Food and Drug Administration and the European Medicines Agency.

33.     The Company's pipeline also includes antibiotics TP-271 and TP-6076, which are Phase 2 ready, and TP-2846, which is in preclinical testing for acute myeloid leukemia.

34.     On June 4, 2020, Tetraphase's Board caused the Company to enter into the Merger Agreement with Melinta.

35.     Pursuant to the terms of the Merger Agreement, Merger Sub commenced the Tender Offer to acquire all of Tetraphase's outstanding common stock for $1.79 in cash and one CVR per share.

36.     According to the press release announcing the Proposed Transaction:

Tetraphase Pharmaceuticals, Inc. (Nasdaq: TTPH), a biopharmaceutical company focused on commercializing its novel tetracycline XERAVA™ to treat serious and life-threatening infections, today announced that it has entered into a definitive merger agreement with Melinta Therapeutics, Inc. ("Melinta"), pursuant to which Melinta would acquire Tetraphase, through a tender offer, for an aggregate of $39.0 million in cash, plus an additional $16.0 million in cash potentially payable under contingent value rights ("CVRs") to be issued in the proposed acquisition. The Board of Directors of Tetraphase unanimously recommends that stockholders

tender their shares in the Melinta tender offer once it is commenced.

Under the terms of the definitive merger agreement, the upfront cash consideration in the transaction will be as follows: (i) $1.79 per share of Tetraphase common stock (including common stock underlying restricted stock units, performance-based stock units and pre-funded warrants), (ii) $2.47 per share of Tetraphase common stock underlying the common stock warrants issued by the Company in 2019, and (iii) $2.47 per share of Tetraphase common stock underlying the common stock warrants issued by the Company in 2020. Tetraphase equityholders would also be entitled to receive, for each share of Tetraphase common stock, one non-tradeable CVR, the holders of which will be entitled to receive payments of up to an additional $16.0 million in the aggregate upon the achievement of net sales of XERAVA™ in the United States of at least (i) $20 million during 2021, (ii) $35 million during any year ending on or before December 31, 2024 and (iii) $55 million during any year ending on or before December 31, 2024. . . .

Under the terms of the definitive merger agreement, the tender offer is required to be commenced within seven business days. Any shares not tendered in the tender offer will be acquired in a second-step merger at the same cash price as paid in the tender offer. Closing of the transaction is subject to specified closing conditions, including that a majority of the Company's shares of common stock (treating the shares underlying the Company's RSUs and PRSUs as outstanding) are validly tendered and not validly withdrawn. Upon the closing of the transaction, Tetraphase will become a privately held company and shares of Tetraphase's common stock will no longer be listed on any public market. Subject to certain limited exceptions, the CVRs will be non-transferable.

The transaction was unanimously approved by the Tetraphase board of directors and is expected to close early in the third quarter of 2020. Certain Tetraphase stockholders and warrant holders, including Armistice Capital, LLC, holding in the aggregate approximately 20% of Tetraphase's outstanding voting power, have signed support agreements or exchange agreements under which such equityholders agreed, among other things, to tender their shares in the tender offer and to the treatment of the warrants described above.

On June 4, 2020, Tetraphase terminated its previously announced merger agreement with AcelRx Pharmaceuticals, Inc., dated as of March 16, 2020, as amended on May 27, 2020 and May 29, 2020, in order to enter into the definitive merger agreement with Melinta. In connection with the termination the definitive merger agreement with AcelRx, Tetraphase paid AcelRx a termination fee in the amount of $1,778,000.

Janney Montgomery Scott is acting as financial advisor to Tetraphase and has rendered a fairness opinion to Tetraphase's board of directors in connection with the transaction. Wilmer Cutler Pickering Hale and Dorr LLP is acting as legal advisor to Tetraphase in connection with the transaction.

*The Solicitation Statement Omits Material Information, Rendering It False and Misleading*

37. On June 12, 2020, Defendants filed the Solicitation Statement with the SEC in connection with the Proposed Transaction.

38. As set forth below, the Solicitation Statement omits material information with respect to the Proposed Transaction, which renders the Solicitation Statement false and misleading.

39. First, the Solicitation Statement omits material information regarding the Company's financial projections.

40. With respect to the Company's financial projections, the Solicitation Statement fails to disclose, for each set of projections: (i) all line items used to calculate (a) EBIT and (b) Unlevered Free Cash Flow; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

41. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

42. Second, the Solicitation Statement omits material information regarding the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Janney Montgomery Scott LLC ("Janney").

43. With respect to Janney's Standalone Discounted Cash Flow Analysis, the Solicitation Statement fails to disclose: (i) all line items used to calculate unlevered free cash flow; and (ii) the individual calculated inputs and assumptions underlying the range of discount rates of 17.8% to 21.8%.

44. With respect to Janney's Selected Precedent Transactions Analysis, the Solicitation Statement fails to disclose the individual multiples and metrics for the transactions observed by

Janney in the analysis.

45.    With respect to Janney's Premiums Paid Analysis, the Solicitation Statement fails to disclose: (i) the transactions observed by Janney in the analysis; and (ii) the premiums paid in the transactions.

46.    With respect to Janney's Selected Public Companies Analysis, the Solicitation Statement fails to disclose the individual multiples and metrics for the companies observed by Janney in the analysis.

47.    When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

48.    The omission of the above-referenced material information renders the Solicitation Statement false and misleading, including, *inter alia*, the following section of the Solicitation Statement: The Solicitation or Recommendation.

49.    The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### (Claim for Violation of Section 14(e) of the 1934 Act Against Defendants)

50.    Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

51.    Section 14(e) of the 1934 Act states, in relevant part, that:

It shall be unlawful for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders[.]

52.    Defendants disseminated the misleading Solicitation Statement, which contained statements that, in violation of Section 14(e) of the 1934 Act, in light of the circumstances under

which they were made, omitted to state material facts necessary to make the statements therein not misleading.

53.     The Solicitation Statement was prepared, reviewed, and/or disseminated by Defendants.

54.     The Solicitation Statement misrepresented and/or omitted material facts in connection with the Proposed Transaction as set forth above.

55.     By virtue of their positions within the Company and/or roles in the process and the preparation of the Solicitation Statement, Defendants were aware of this information and their duty to disclose this information in the Solicitation Statement.

56.     The omissions in the Solicitation Statement are material in that a reasonable shareholder will consider them important in deciding whether to tender their shares in connection with the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available.

57.     Defendants knowingly or with deliberate recklessness omitted the material information identified above in the Solicitation Statement, causing statements therein to be materially incomplete and misleading.

58.     By reason of the foregoing, Defendants violated Section 14(e) of the 1934 Act.

59.     Because of the false and misleading statements in the Solicitation Statement, Plaintiff and the Class are threatened with irreparable harm.

60.     Plaintiff and the Class have no adequate remedy at law.

## COUNT II

**(Claim for Violation of 14(d) of the 1934 Act Against Defendants)**

61.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

62.     Section 14(d)(4) of the 1934 Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

63.     Rule 14d-9(d) states, in relevant part:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

Item 8 requires that directors must "furnish such additional information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

64.     The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits the material facts set forth above, which renders the Solicitation Statement false and/or misleading.

65.     Defendants knowingly or with deliberate recklessness omitted the material information set forth above, causing statements therein to be materially incomplete and misleading.

66.     The omissions in the Solicitation Statement are material to Plaintiff and the Class, and they will be deprived of their entitlement to make a fully informed decision with respect to the Proposed Transaction if such misrepresentations and omissions are not corrected prior to the expiration of the tender offer.

67.     Plaintiff and the Class have no adequate remedy at law.

10

## COUNT III

**(Claim for Violation of Section 20(a) of the 1934 Act
Against the Individual Defendants and Melinta)**

68. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

69. The Individual Defendants and Melinta acted as controlling persons of Stemline within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as directors of Stemline and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

70. Each of the Individual Defendants and Melinta was provided with or had unlimited access to copies of the Solicitation Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

71. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Solicitation Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly connected with and involved in the making of the Solicitation Statement.

72. Melinta also had direct supervisory control over the composition of the Solicitation Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Solicitation Statement.

73.     By virtue of the foregoing, the Individual Defendants and Melinta violated Section 20(a) of the 1934 Act.

74.     As set forth above, the Individual Defendants and Melinta had the ability to exercise control over and did control a person or persons who have each violated Section 14(e) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these Defendants are liable pursuant to Section 20(a) of the 1934 Act.

75.     As a direct and proximate result of Defendants' conduct, Plaintiff and the Class are threatened with irreparable harm.

76.     Plaintiff and the Class have no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment and relief as follows:

A.      Enjoining Defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.      In the event Defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.      Directing the Individual Defendants to file a Solicitation Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.      Declaring that Defendants violated Sections 14(e), 14(d), and 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.      Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: June 17, 2020

**OF COUNSEL:**

**HOLZER & HOLZER, LLC**
Marshall P. Dees
1200 Ashwood Parkway, Suite 410
Atlanta, GA 30338
Telephone: (770) 392-0090
Facsimile: (770) 392-0029
Email: mdees@holzerlaw.com

**RIGRODSKY & LONG, P.A.**

By:  */s/ Gina M. Serra*
Brian D. Long (#4347)
Gina M. Serra (#5387)
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: bdl@rl-legal.com
Email: gms@rl-legal.com

*Attorneys for Plaintiff*

13